UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

JOSE VALDEZ, JEFFREY BRANTON,
MELQUIADES CRUZ, MARIA NINO,
and HORACIO LONDONO,

      Plaintiffs,

v.

TRUSTED DEVELOPMENT GROUP, LLC,
a Limited Liability Company, and ALLISON CRAFT,
individually,

      Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiffs, JOSE VALDEZ, JEFFREY BRANTON, MELQUIADES CRUZ, MARIA NINO, and HORACIO LONDONO, by and through their undersigned counsel, and sue the Defendants, TRUSTED DEVELOPMENT GROUP, LLC (hereinafter, referred to as "TDG"), and ALLISON CRAFT individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiffs, former employees of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiffs were non-exempt employees hired by the Defendants on an hourly basis, but the Defendants willfully refused to (1) compensate the Plaintiffs for all work performed in direct contravention of the law; and (2) compensate the Plaintiffs for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, under Federal law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiffs were and are presently residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiffs, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, ALLISON CRAFT, individually, acted directly in the interests of their employer, the Defendant, TDG, in relation to the Plaintiffs, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, TDG, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, TDG, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiffs were 'engaged in commerce' within the meaning of the FLSA.

9. That on or about May 11, 2020, April 28, 2020, July 6, 2020, June 22, 2020, and July 29, 2020, the Plaintiffs, JOSE VALDEZ, JEFFREY BRANTON, MELQUIADES CRUZ, MARIA NINO, and HORACIO LONDONO, respectively, were hired as a non-exempt employees by the Defendants.

10. During their employment, Defendants had Plaintiffs, non-exempt employees under the FLSA, work for Defendants in excess of forty (40) hours per week. However, the Defendants willfully refused to compensate the Plaintiffs for time and one half for each hour worked in excess of forty (40) hours per work week, as well as even the basic minimum wage for such work, as required by the FLSA.

11. That all records concerning the number of hours actually worked by Plaintiffs are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiffs are unable to state at this time the exact amount due.

12. That Plaintiffs, however, will exert their collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiffs.

## COUNT I
## FLSA – TDG

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

13. That Plaintiffs are entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

14. That by reason of the intentional, willful and unlawful acts of the Defendant, TDG, in violation of the FLSA, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs, JOSE VALDEZ, JEFFREY BRANTON, MELQUIADES CRUZ, MARIA NINO, and HORACIO LONDONO, demands judgment against the Defendant, TDG, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA –ALLISON CRAFT

Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

15. That Plaintiffs are entitled to minimum wage for hours worked as well as time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

16. That by reason of the intentional, willful and unlawful acts of the Defendant,

ALLISON CRAFT, in violation of the FLSA, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs, JOSE VALDEZ, JEFFREY BRANTON, MELQUIADES CRUZ, MARIA NINO, and HORACIO LONDONO, demands judgment against the Defendant, ALLISON CRAFT, individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury.

Dated: December 18, 2020.    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920